1

2

3

4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2023

SEAN F. McAVOY, CLERK

5

6

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

| | |
|---|---|
| JESSE M.,<br><br>                    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | NO:  2:22-CV-138-RMP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING THE<br>COMMISSIONER'S MOTION FOR<br>SUMMARY JUDGMENT |

13

14

15

16

17

18

        BEFORE THE COURT, without oral argument, are cross-motions for

summary judgment from Plaintiff Jesse M.[1], ECF No. 10, and Defendant the

Commissioner of Social Security (the "Commissioner"), ECF No. 11.  Plaintiff

seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the

Commissioner's denial of his claims for Social Security Income ("SSI") and

19

20

21

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first
name and last initial.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 1

Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act (the "Act").  *See* ECF No. 10 at 1– 2.

Having considered the parties' motions, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 10, and grants the Commissioner's Motion for Summary Judgment, ECF No. 11.

## BACKGROUND

### *General Context*

Plaintiff applied for SSI and DIB on April 2, 2019, with an alleged onset date of October 17, 2017.  Administrative Record ("AR")[2] 15, 180–207.  Plaintiff was 30 years old on the alleged disability onset date and asserted that he was unable to work due to right leg issues, asthma, allergies, right hip pain, sleep apnea, and chronic sinus headaches.  AR 225.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See* AR 110–15, 122–23.

On April 21, 2021, Plaintiff appeared for a hearing held by Administrative Law Judge ("ALJ") Stewart Stallings in Spokane, Washington.  AR 36–38.  The hearing was held by teleconference due to the extraordinary circumstances presented by the novel coronavirus (COVID-19) pandemic.  AR 38.  Plaintiff was represented

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 2

by counsel Chad Hatfield.  AR 38.  The ALJ heard from Plaintiff and from

vocational expert ("VE") Elizabeth Broten.  AR 36–57.  ALJ Stallings issued an

unfavorable decision on August 12, 2021, and the Appeals Council denied review.

AR 1–6, 25.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Stallings found:

**Step one:** Plaintiff meets the insured status requirements of the Act through

June 30, 2022.  AR 17.  Plaintiff has not engaged in substantial gainful activity since

October 17, 2017, the alleged onset date.  AR 17.

**Step two:** Plaintiff has the following severe impairments that are medically

determinable and significantly limit his ability to perform basic work activities:

morbid obesity, intellectual disability, obstructive sleep apnea, and asthma, pursuant

to 20 C.F.R. §§ 404.1520(c) and 416.920(c).  AR 17.  The ALJ further found that

low back pain, hypertension, and hip pain are not severe, based on the evidence in

the record.  AR 18.  However, the ALJ "considered all of the claimant's medically

determinable impairments, including those that are not severe, when assessing the

claimant's residual functional capacity."  AR 18.

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

combination of impairments, that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 3

404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  AR 18.  In

reaching this conclusion, the ALJ considered whether Plaintiff's obstructive sleep

apnea and asthma meet or medically equal the listings under 3.00 for the respiratory

system.  AR 18.  The ALJ found insufficient support for the respiratory system

listings, as "there was no significant testing of record and obstructive sleep apnea

was noted as stable with less fatigue with the use of the CPAP."  AR 18.  The ALJ

also found that Plaintiff's impairments do not meet listing 12.05 for intellectual

disorders because "the claimant may have tested in the extremely low range of

intellectual functioning with a full-scale IQ of 67 but he has no significant deficits in

adaptive functioning."  AR  18–19.  The ALJ found that Plaintiff is moderately

limited in understanding, remembering, or applying information and in

concentrating, persisting, or maintaining pace.  AR 19.  The ALJ found Plaintiff

mildly limited in interacting with others and adapting or managing oneself.  AR 19.

**Residual Functional Capacity ("RFC"):** The ALJ found that Plaintiff has

the RFC to perform: medium work as defined in 20 C.F.R. §§ 404.1567(c) and

416.967(c) except that he cannot climb ropes or scaffolds or operate moving or

dangerous machinery, but he could occasionally climb a ladder.  In addition, he is

limited to simple routine repetitive work in a predictable work environment with no

production pace/quotas or conveyor belts and only occasional, simple workplace

changes.  AR 20.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 4

In determining Plaintiff's RFC, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 22.

**Step four:** The ALJ found that Plaintiff has no past relevant work.  AR 23.

**Step five:** The ALJ found that Plaintiff has at least a high school education and was 30 years old, which is defined as a younger individual (age 18-49), on the alleged disability onset date.  AR 23.  Transferability of job skills is not an issue because Plaintiff has no past relevant work.  AR 23.  The ALJ found that given Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  AR 23.  Specifically, the ALJ recounted that the VE identified the following representative occupations that Plaintiff could perform with the RFC: auto detailer (medium, unskilled work, with around 39,837 jobs nationally); dishwasher (medium, unskilled work, with around 270,000 jobs nationally); and laboratory equipment cleaner (medium, unskilled work with around 26,400 jobs nationally).  AR 23–24.  The ALJ further recounted that the VE identified the following representative occupations that Plaintiff could perform with an RFC modified to permit only light work with the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 5

same limitations and restrictions set forth above: production assembler (light, unskilled work, with approximately 59,400 jobs nationally, with an erosion to 29,733 for the sit-stand option); small products bench assembler (light, unskilled work with approximately 76,682 jobs nationally); and collator operator (light, unskilled work with approximately 33,745 jobs nationally).  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act at any time from April 2, 2019, through the date of the ALJ's decision.  AR 24.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the Commissioner's decision.  42 U.S.C. § 405(g).  A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989).  Substantial evidence "means such evidence as a reasonable mind might

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 6

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 7

is not only unable to do his previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

### *Sequential Evaluation Process*

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 416.920, 404.1520. Step one determines if he is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 416.920(a)(4)(i), 404.1520(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 416.920(a)(4)(ii), 404.1520(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity. 20 C.F.R. §§ 416.920(a)(4)(iii), 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1. If

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 8

the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that he has performed in the past.  If the claimant can perform her previous work, the claimant is not disabled.  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering his residual functional capacity and age, education, and past work experience.  20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  *Meanel*, 172 F.3d at 1113.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs

exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1.    Did the ALJ erroneously reject Plaintiff's right hip impairment as groundless at step two?

2.    Did the ALJ err in rejecting Plaintiff's subjective complaints?

3.    Did the ALJ err by rejecting lay witness testimony?

4.    Did the ALJ err by failing to conduct an adequate step three evaluation and failing to find the claimant disabled?

5.    Did the ALJ err in failing to conduct an adequate analysis at step five?

### *Step Two*

Plaintiff argues that the ALJ mischaracterized the record in finding his right hip impairment to be groundless at step two.  ECF No. 10 at 8–9.  Plaintiff asserts, "While imaging of [Plaintiff's] right hip may not show acute abnormalities, it does demonstrate 'a partially threaded screw transfixing [the] femoral neck and head,' resulting from a history of pinning for dislocation in 1999."  *Id*. at 9 (citing AR 330).  Plaintiff also cites to treatment records indicating that Plaintiff presented with right hip pain at appointments in October 2017.  *Id.* (citing AR 327–29).

The Commissioner responds that Plaintiff overlooks the purpose of step two as "'a threshold determination to screen out weak claims'" that is "'not meant to identify the impairments that should be taken into account when determining the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 10

RFC.'"  ECF No. 11 at 2 (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017)).  The Commissioner contends that although the ALJ found Plaintiff's hip pain to be not severe at step two, the ALJ found at least one other impairment to be severe and proceeded to consider all of Plaintiff's medically determinable impairments, including hip pain, in assessing Plaintiff's RFC.  *Id.* at 3 (citing AR 17–18).

At step two, an ALJ may find impairments or combinations of impairments to be non-severe "if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *see also* Social Security Ruling ("SSR") 85-28, 1985 SSR LEXIS 19 at *8, 1985 WL 56856, at *3.  Omissions at step two are harmless error if step two is decided in the claimant's favor and the ALJ incorporates all of the claimant's limitations into the RFC.  *Burch v. Barnhart*, 400 F.3d 676, 682–84 (9th Cir. 2005).

In this matter, the ALJ found at step two that Plaintiff has several severe impairments, but Plaintiff's hip pain is not a severe impairment "as this term is used for Social Security disability evaluation purposes."  AR 18.  The ALJ reasoned that imaging of Plaintiff's hip "was unremarkable."  AR 18 (citing AR 313–36, 353–58, 380–90).  Plaintiff argues that the ALJ mischaracterizes the records that he cites for that proposition.  ECF No. 12 at 2–3.  Plaintiff relies on imaging from October 2017

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 11

1  showing "'a partially threaded screw transfixing femoral neck and head [ . . . ],'

2  resulting from a history of pinning for dislocation in 1999." *Id.* (citing AR 330).

3  However, Plaintiff does not indicate why an ALJ must interpret imaging that merely

4  confirms that Plaintiff underwent a medical procedure approximately eight years

5  before the x-ray was captured as remarkable. Indeed, Plaintiff's treatment provider

6  noted that the x-ray "looked okay" and that it "reveal[ed] no bony changes except

7  for the hardware, which appear to be intact." AR 327–28.

8       The ALJ then considered Plaintiff's diagnosis of chronic hip pain in

9  formulating Plaintiff's RFC. AR 22.

10       The Court cannot decipher any mischaracterization of the record in the ALJ's

11  finding that Plaintiff's hip pain is non-severe. Rather, the ALJ relied on substantial

12  evidence in making his step two finding regarding hip pain. *See* AR 313–36, 353–

13  58, 380–90. Therefore, the Court finds no error at step two. Moreover, even if the

14  ALJ had erred at step two, that error would be harmless given that the ALJ found

15  other severe impairments at step two and proceeded to consider Plaintiff's hip pain

16  in determining Plaintiff's RFC. *See* AR 22; *Burch*, 400 F.3d at 682–84.

17       The Court finds in favor of the Commissioner with respect to this issue and

18  denies Plaintiff's Motion for Summary Judgment in part with respect to the same.

19  / / /

20  / / /

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 12

1    ***Subjective Symptom Testimony***

2        Plaintiff argues that the ALJ failed to provide the requisite clear and

3    convincing reasons for making a negative credibility finding and instead "offered

4    little more than vague assertions that Plaintiff's allegations are unsupported by the

5    objective medical evidence of record, contrary to law." ECF No. 10 at 17 (citing

6    *Robbins v. Social Sec. Admin.*, 466 F.3d 880 (9th Cir. 2006)). Plaintiff maintains

7    that it was error for the ALJ to reject Plaintiff's testimony based on his work history

8    and daily activities, particularly where the ALJ also found that Plaintiff has no

9    relevant work. *Id.* (citing AR 23). Plaintiff argues that none of the "cited

10   'independent' activities" is inconsistent with the inability to maintain continuous,

11   competitive full-time employment. *Id.* at 17–18 (citing *Fair v. Bowen*, 885 F.2d

12   597, 603 (9th Cir. 1989)). Plaintiff further asserts that the ALJ did not account for

13   the permanent nature of Plaintiff's intellectual disability, that there is no treatment

14   that can alleviate his deficits in memory and cognition, and that Plaintiff needs to lie

15   down to due to right hip pain. *Id.* (citing AR 44–46, 61–62). Plaintiff argues that

16   the VE testified that accommodating these impairments would preclude competitive

17   employment. *Id.* (citing 58, 61–62).

18       The Commissioner responds that the ALJ's reasoning in discounting

19   Plaintiff's statements about the intensity, persistence, and limiting effects of his

20   alleged symptoms was sufficiently specific and supported by substantial evidence.

21   ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
     AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
     JUDGMENT~ 13

ECF No. 11 at 8.  First, the record supports that Plaintiff's self-reports conflicted with the medical opinions in the record.  *Id.* (citing *Carmickle v. Comm'r*, 553 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").  The Commissioner argues that every medical source opinion that addressed Plaintiff's functioning found that his impairments were not disabling, and Plaintiff could perform some level of work. *Id.* at 8–9 (citing the opinions of Ruth Childs, M.D., Bethany Miller, D.O., and Joyce Everhart, PhD.).  The Commissioner further argues that the ALJ was permitted to consider Plaintiff's part-time work for many years and the fact that Plaintiff "admitted" that he "had no mental problems doing the jobs" and ultimately quit "because of pain in his hip, rather than because of any other difficulties, even though he acknowledged that x-rays of his hip were normal."  *Id.* at 9 (citing AR 49–50, 353).

In deciding whether to accept a claimant's subjective pain or symptom testimony, an ALJ must perform a two-step analysis.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there

is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281.

There is no allegation of malingering in this case. Plaintiff testified that he last worked in 2017 doing two part-time jobs that consisted of janitorial work at a smoke shop and a hardware store. AR 41. The owner of the smoke shop was encouraging to Plaintiff and taught Plaintiff how he wanted Plaintiff to do the tasks around his store. AR 45. The smoke shop owner also reminded Plaintiff to do tasks if Plaintiff forgot to do them. AR 45. Plaintiff worked at the smoke shop approximately two hours each evening for approximately ten years. AR 44–45. Sometime during this period, Plaintiff began working at the hardware store for approximately two hours daily on staggered days with the smoke shop. AR 46–47. Plaintiff testified that he lost both of his part-time jobs after it was "getting harder with [his] hip." AR 47. Plaintiff then attempted to work a full-time job doing janitorial work at a casino, and his hip pain became worse. AR 48. Plaintiff reported that he could not work as quickly as his supervisors wanted him to, and he quit the job after approximately two months. AR 48–50.

At the time of the hearing, Plaintiff lived in the family house with his older brother and sister, and his parents recently had moved to Alaska. AR 43–44. Plaintiff's sister was working. AR 44.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 15

1    As noted above, the ALJ found that Plaintiff's statements concerning the

2 intensity, persistence, and limiting effects of his alleged symptoms "are not entirely

3 consistent with the medical evidence and other evidence in the record[.]"  AR 22.

4 The ALJ further found that Plaintiff's testimony that he "worked two part-time jobs

5 in the past, with one job lasting 10 years, . . . although not at the substantial gainful

6 work level . . . demonstrates his ability to obtain and maintain employment."  AR 22.

7 The ALJ added that Plaintiff's "examinations, physically and mentally, have also

8 routinely and repeatedly been unremarkable."  AR 22 (citing AR 313–36, 353–58,

9 359–74, 380–90, 391–400).  The ALJ discussed, in particular, the evaluations of

10 Bethany Miller, DO in July 2019 and Joyce Everhart, PhD in May 2021

11    The ALJ's reasoning that Plaintiff's subjective symptom testimony is

12 undermined by unremarkable physical and mental examinations is supported by the

13 evidence cited by the ALJ.  For instance, Plaintiff 's treatment record from

14 November 2018 indicates that Plaintiff reported being able to care for himself, and,

15 although Plaintiff was asked for a sleep study for sleep issues associated with

16 morbid obesity and asthma, Plaintiff denied excessive daytime sleepiness.  AR 314–

17 17.  Plaintiff also sought a replacement tube for his nebulizer machine due to his

18 asthma, which he reported he had experienced symptoms of since childhood, and

19 those symptoms were worsened by being around hay in the spring and summer.  AR

20 315.  Plaintiff reported that he "works on a farm feeding horses and uses his

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 16

1  albuterol inhaler approximately once/day after feeding them due to shortness of

2  breath." AR 315.

3        Similarly, in a July 2019 examination report, Dr. Miller recorded that

4  Plaintiff's right hip discomfort was provoked by "walking for longer than 3 miles

5  over the day or lifting greater than 50 pounds." AR 353. Medium work does not

6  involve lifting greater than 50 pounds. *See* 20 C.F.R. § 416.967. Plaintiff's

7  examination by Dr. Miller was unremarkable, including demonstrating a normal gait

8  and stride, with the ability to sit down and stand up without assistance. AR 355. Dr.

9  Miller opined that the objective evidence does not fully support Plaintiff's

10  allegations regarding his hip pain and that the only postural or manipulative

11  limitation Plaintiff requires is a limit of lifting 40 pounds occasionally and 20

12  pounds frequently. AR 356–57. A physical examination by Plaintiff's treatment

13  provider around the same time also revealed unremarkable physical and mental

14  findings, apart from Plaintiff's morbid obesity. AR 362–63. Likewise, an

15  examination by a treating dermatologist in September 2019 recorded normal

16  findings apart from a minor skin condition for which the provider gave Plaintiff in-

17  office instruction about Plaintiff's shaving practices and nothing more. AR 376–77.

18  Moreover, the record supports that Plaintiff can attend appointments on his own.

19  AR 377. The Court finds the materials cited by the ALJ to provide substantial

20  support for the ALJ's reasoning.

21  ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 17

Moreover, the Court notes that Plaintiff himself attributed his inability to maintain competitive employment solely to his hip pain, and not to any mental or other physical limitations. *See* AR 47–49. Plaintiff did not explain what activities in particular his hip pain prevented him from doing. *See* AR 47–50. Plaintiff further acknowledged that what is wrong with his hip is unclear, given the normal hip x-ray. AR 49–50. At step five, the ALJ found that there are jobs available in the national economy even in a hypothetical limiting Plaintiff to light work with an option of sitting or standing at will. AR 24. The hypothetical considered by the VE plausibly accommodates the vague limitations with respect to Plaintiff's right hip that Plaintiff described. AR 24. Therefore, the Court finds that even if there were an error in the ALJ's evaluation of Plaintiff's testimony, it likely would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that an error is harmless if it is "inconsequential to the ultimate nondisability determination") (internal quotation omitted).

The Court finds no reversible error regarding the ALJ's evaluation of Plaintiff's testimony, grants summary judgment to the Commissioner on this issue, and denies summary judgment to Plaintiff on the same.

### *Lay Witness Testimony*

Plaintiff posits that the ALJ did not provide adequate, germane reasons for rejecting the lay witness statement of Plaintiff's mother. ECF No. 10 at 14.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 18

1    The Commissioner responds that, under the revised regulations applying to

2    claims filed after March 27, 2017, the ALJ was "not required to provide written

3    analysis of evidence from nonmedical sources, let alone provide germane reasons to

4    reject them." ECF No. 11 at 11. The Commissioner continues that, "[e]ven though

5    he was not required to do so, the ALJ provided sufficient reasons for discounting

6    Plaintiff's mother's opinion by noting that her letter "suffered many of the same

7    infirmities as Plaintiff's own self-reports." *Id.* at 11–12 (citing AR 22).

8        The revised regulations that apply to disability applications filed on or after

9    March 27, 2017, provide that lay witness testimony fits within the category of

10   evidence from nonmedical sources, which the ALJ will "consider" in how a

11   claimant's symptoms affect his activities of daily living and his ability to work. *See*

12   20 C.F.R. §§ 404.1545(a)(3), 404.1413(a)(4), 404.1529(a), 416.913(a)(4),

13   416.945(a)(3), and 416.929(a). However, an ALJ is "not required to articulate *how*

14   [he or she] considered evidence from nonmedical sources." 20 C.F.R. §§

15   404.1520c(d), 416.920c(d) (emphasis added).

16       Prior to the revisions to the relevant regulations, the United States Court of

17   Appeals for the Ninth Circuit required an ALJ to express germane reasons for

18   discounting lay witness testimony. *Turner v. Comm'r*, 613 F.3d 1217, 1224 (9th

19   Cir. 2010). As other courts have noted, the Ninth Circuit has yet to address whether

20   the revised regulations modify the requirement for germane reasons to discount lay

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY
JUDGMENT~ 19

witness testimony.  *See Johnson v. Kijakazi*, 2022 U.S. App. LEXIS 24769, at *4–5 (Sept. 1, 2022) (declining to address whether an ALJ must discuss the treatment of lay witness statements in his or her decision after the 2017 revised regulations); *Sharon v. Kijakazi*, 2023 U.S. Dist. LEXIS 10129 (D. Id. Jan. 18, 2023); *Robert U. v. Kijakazi*, 2022 U.S. Dist. LEXIS 20038, 2022 WL 326166, at *7 (D. Or. Feb. 3, 2022).  The Court notes, however, that the Ninth Circuit has expressed in dicta in an unpublished decision that while "it is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, . . . it is clear that they are no longer required to articulate it in their decisions." *Fryer v. Kijakazi*, No. 21-36004, 2022 U.S. App. LEXIS 35651, at *7 n.1 (9th Cir. Dec. 27, 2022).

Furthermore, the Ninth Circuit has continued to hold after the 2017 revision of the regulations that any error by an ALJ in failing to provide reasons for rejecting a lay witness is harmless if the ALJ's reasons for discounting the plaintiff's testimony were sufficient and the lay testimony is substantially similar to the plaintiff's testimony.  *See Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that the same germane reasons that applied to the claimant's testimony applied to his wife's, which was similar to his own); *Johnson*, 2022 U.S. App. LEXIS 24769, at *5 (finding the ALJ's failure to address lay witness testimony harmless where the lay witness statements were "largely duplicative" of plaintiff's testimony).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 20

Plaintiff's mother wrote a letter dated April 13, 2021, expressing that Plaintiff suffers from "life-long severe learning impairments" since he was born with the umbilical cord wrapped around his neck.  AR 303.  Plaintiff's mother recounts that Plaintiff was placed in special education throughout school and, rather than a diploma, received a certificate that he attended school.  AR 303.  She states, "I believe that he never achieved more than a fourth-grade level for comprehension." AR 303.  She writes that Plaintiff got his driver's license at age 25 and can use it to run "short errands, but he has to use GPS on his phone for every place he goes."  AR 303.  She reports that Plaintiff cannot make his own shopping lists, but can follow the lists that she makes, and she worries that he is "very prone to be taken advantage of by others."  AR 303.  She reports that Plaintiff has always lived with family and "is not able to live on his own" and requires "lots of reminders" and "frequent encouragement."  AR 303.  She asserts that Plaintiff cannot make his own medical appointments and "does not understand why he would go to the doctor."  AR 304.

The ALJ noted Plaintiff's mother's letter but recited that ALJs "are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section, such as the lay witness statement of the claimant's mother."  AR 21.  The ALJ continued, "Nevertheless, while the claimant did test in the extremely low range of intellectual functioning

with a full-scale IQ of 67, he is independent for all his activities of daily living and has been able to obtain and maintain employment in the past."  AR 21.

The Court does not find that Plaintiff's mother duplicates Plaintiff's own statements because Plaintiff's mother alleges more extensive limitations than Plaintiff.  Indeed, Plaintiff's mother's allegations are outliers both with respect to Plaintiff's testimony and with respect to the medical source opinions and medical records.  *See* AR 330, 345, 353–58, 380–83, 376–77, 391–96.  Those records support that Plaintiff is more independent in his activities of daily living than Plaintiff's mother alleges and support the ALJ's finding that Plaintiff was able to maintain part-time employment over a lengthy period of approximately ten years. *See* AR 41–45, 315–16, 392.  While it is undecided whether an ALJ within the Ninth Circuit must articulate how he assessed a lay witness's testimony, Plaintiff offers no authority supporting that Plaintiff's mother's opinion was entitled to controlling weight.  The ALJ's opinion indicates that he considered the lay witness statement and further provides two reasons for rejecting it.  Those reasons, Plaintiff's activities of daily living and his ability to maintain employment, are germane to the limitations to which Plaintiff's mother opines.

The Court finds no reversible error based on the ALJ's treatment of the lay statements of Plaintiff's mother, grants summary judgment to the Commissioner on this ground, and denies summary judgment to Plaintiff on the same.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 22

### Step Three

Plaintiff maintains that the ALJ failed to conduct an adequate step three analysis and should have found that Plaintiff's intellectual impairments meet or equal listing 12.05.  ECF No. 10 at 10.  Plaintiff asserts that the ALJ should have found that he meets the listing based on the following testing results: a full-scale IQ score of 67, verbal comprehension score of 70 (second percentile), working memory score of 66 (first percentile), auditory memory score of 64 (first percentile), visual memory score of 55 (.1 percentile), visual working memory score of 70 (second percentile), immediate memory score of 53 (.1 percentile), and delayed memory score of 60 (.4 percentile).  *Id.* at 11 (citing AR 394–95).  Plaintiff maintains that these scores are "two to three standard deviations (or more) below the mean" and correspond to marked to extreme limitations in (1) the ability to understand, remember, or apply information; and (2) the ability to concentrate, persist, or maintain pace.  *See* 20 C.F.R. § 416.926a(e)(2)(iii).  Plaintiff further asserts that the record supports that he meets the third prong of listing 12.05 by showing that his low intellectual functioning began before age 22 with his participation in special education classes, an individualized education plan in childhood, leaving school without earning a high school diploma, and Plaintiff's low-skill work history.  *Id.* (citing AR 42, 303–05, 392).  Plaintiff stresses that the ALJ found that Plaintiff did not have any past relevant work and that Plaintiff testified that: he needed frequent

reminders during his two-hour shifts; he lost both part-time jobs; and he could not maintain his most recent job with eight-hour shifts for more than three months due to limitations in pace.  ECF No. 10 at 12 (citing AR 44–46, 47–50).  Plaintiff adds that the ALJ did not explain how Plaintiff's daily activities are inconsistent with marked and extreme limitations and erred in evaluating the lay opinion of Plaintiff's mother.  *Id.* at 13 (citing *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); AR 303–04).

The Commissioner responds that to qualify as per se disabled under a listing, a claimant's impairment must meet "'a higher level of severity than the statutory standard'" for disability than under the Act.  ECF No. 11 at 3.  The Commissioner argues that substantial evidence supports the ALJ's determination that Plaintiff's intellectual impairment is not of sufficient severity to meet or equal Listing 12.05.  *Id.* at 4.  The Commissioner cites to Plaintiff's statements and the report of examining psychologist Dr. Everhart for substantial evidence of Plaintiff's merely moderate limitation in understanding, remembering, and applying information.  AR 231, 236, 395.  The Commissioner continues that Plaintiff reported that he "'get[s] along with everyone'" and presented as pleasant and cooperative for his evaluation, so the ALJ was justified in determining that Plaintiff has only a mild limitation in interacting with others.  *Id.* (citing AR 19, 236–37, 395).  Likewise, the Commissioner maintains, Plaintiff's own statements and the psychological

evaluation support that Plaintiff's impairment in concentrating, persisting, and maintaining pace is no more than moderate. *Id.* at 6 (citing AR 395–96). Lastly, the Commissioner maintains that the ALJ relied on substantial evidence regarding Plaintiff's daily activities and work history, and that Plaintiff left work due to physical problems, not mental difficulties, in finding that Plaintiff has only a mild limitation in adapting or managing himself. *Id.* (citing AR 19–20, 232–35, 392).

The ALJ considered whether Plaintiff meets or equals either paragraph A or B of listing 12.05, which addresses intellectual abilities, and requires, among other elements, a showing of "significantly subaverage general intellectual functioning with deficits in adaptive functioning" and an onset of the impairment before age 22. *See* AR 18–19; 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. With respect to both, the ALJ found that Plaintiff had not shown significant deficits in adaptive functioning. AR 18–19; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (providing that the claimant bears the burden of proof at step three). As the Commissioner notes, the ALJ relied on Dr. Everhart's findings that Plaintiff: retains the ability to listen, understand, remember, and follow simple instructions; did not present with any difficulty interacting with her; demonstrated good pace and persistence and was not easily distracted during her evaluation of Plaintiff; and is able to complete his daily living activities independently. AR 19, 395–96. The ALJ also relied on Plaintiff's testimony and reports that he shops and manages his own finances

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 25

independently; prepares his own meals; completes housework; reads and performs simple math without issue; and gets along with people easily.  AR 42–43; 232–36. Plaintiff also testified that he maintained the same part-time job for approximately ten years.  AR 44–45.

The ALJ's interpretation of the record rests on substantial evidence.  *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).  Plaintiff's arguments dispute instead whether the ALJ properly weighed the evidence of record, and it is not this Court's role to reweigh the evidence.  *See Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).  Accordingly, the Court finds no error at step three in the ALJ's decision, grants summary judgment to the Commissioner on this issue, and denies summary judgment to Plaintiff on the same.

### Step Five

Plaintiff contends that the ALJ erred at step five because the VE testified in response to an allegedly incomplete hypothetical.  ECF No. 10 at 19.  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrock*, 240 F.3d at 1164.  The ALJ may accept or reject these restrictions if they

are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes that the ALJ erred in Plaintiff's subjective symptom testimony and Plaintiff's mother's lay statement. As discussed above, the ALJ's assessment of this evidence was not erroneous. Therefore, the RFC and hypothetical contained the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005). The Court denies Plaintiff's Motion for Summary Judgment, and grants summary judgment to the Commissioner, on this final ground.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

# CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

3.  Judgment shall be entered for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** March 27, 2023.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT~ 28